UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SUPERIOR AXLE, LLC,

    Plaintiff,

    v.

GREENBALL CORP.,

    Defendant.

Case No. 3:25-CV-1004-GSL-APR

## OPINION AND ORDER

This matter is before the Court on Defendant Greenball Corp.'s ("Greenball") Motion to Dismiss Counts V and VI of Plaintiff Superior Axle, LLC's ("Superior Axle") Complaint [DE 15]. The Motion is fully briefed [*see* DE 15; DE 17–18] and is now ripe for judgment. For the reasons below, Defendant's Motion [DE 15] is **GRANTED**.

## BACKGROUND

*Factual Background*

Superior Axle, a Texas limited liability company principally operating out of Elkhart County, Indiana, is in the business of manufacturing and recycling axles and, where necessary, installing tires to axles. [DE 1 at ⁋ 1]. Greenball, a California corporation principally operating out of Orange County, California and doing business in Elkhart County, Indiana, is in the business of selling tires. [*Id.* at ⁋⁋ 2, 4].

In 2017, Superior Axle issued multiple purchase orders to Greenball after receiving Greenball's tire specifications. [*Id.* at ⁋ 5]. According to Superior Axle, Greenball initially supplied the tires in accordance with its specification, but in June 2018 the supplied tires began cracking, blowing out, bulging, and otherwise failing. [*Id.* at ⁋⁋ 6–7]. This prompted a lawsuit

against Greenball in 2020.[1] [*Id.* at ¶ 7]. By June 2024, the lawsuit was resolved, and the parties reinitiated their business dealings using Greenball's 2017 tire specifications. [*Id.* at ¶ 8]. Superior Axle issued several more purchase orders to Greenball but, like before, the tires purportedly cracked, blew out, bulged, or otherwise failed. [*Id.* at ¶ 9–10]. Superior Axle claims the defects were found both before and after the tires were installed. [*Id.* at 10].

Superior Axle alleges it notified Greenball of the defects on numerous occasions, and on multiple occasions, Greenball purportedly represented and warranted that it would remedy the defects, take responsibility for any defective product supplied, and provide non-defective tires moving forward. [*Id.* at ¶¶ 11–12]. Superior Axle asserts, however, that Greenball has failed to cure the defects, take responsibility, or reimburse Superior Axle for its losses. [*Id.* at ¶ 13]. Superior Axle further asserts that the defective tires possessed markings indicating they were the same tires previously shipped to Superior Axle prior to the 2020 lawsuit. [*Id.* at ¶ 14].

*Procedural Background*

Superior Axle initiated this case on December 10, 2025, raising the following Indiana state law claims: (1) breach of contract; (2) breach of implied warranty of fitness for a particular product; (3) breach of implied warranty of merchantability; (4) breach of express warranty; (5) fraud; and (6) constructive fraud. [DE 1]. On March 13, 2026, Greenball filed its Answer [DE 16] as to Counts I through IV of the Complaint, and its Motion to Dismiss [DE 15] as to Counts V and VI.

---

[1] According to Greenball's Answer [DE 16], the 2020 lawsuit pertains to Cause Number 20-cv-970, also filed in the Northern District of Indiana.

## **<u>LEGAL STANDARD</u>**

In response to a complaint, a party may move to dismiss the action asserting that the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint will survive a 12(b)(6) motion if it contains allegations that state "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face rather than merely conceivable "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In essence, this means putting the defendant on notice of the claims being asserted against him. *Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (providing that a complaint must "present a story that holds together" and that "[u]nderpinning this framework is a basic rule: a defendant must be given 'fair notice of what the claim is and the grounds upon which it rests'"). The Court accepts the well-pleaded factual allegations stated in the complaint as true and views them in the light most favorable to the non-moving party. *See Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 332 (7th Cir. 2019). Legal conclusions and conclusory allegations merely reciting the elements of the claim, however, are not entitled to this presumption of truth. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681).

But while liberal notice pleading is sufficient for most complaints under Rule 8(a) of the Federal Rules of Civil Procedure, Rule 9(b) imposes heightened pleading requirements for allegations of fraud or mistake. Under this standard, the pleader must "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), which includes "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff," *U.S. ex rel.*

*Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014) (internal quotation marks omitted); *see also Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (citation omitted) (describing the Rule 9(b) particularity standard as the "who, what, when, where, and how: the first paragraph of any newspaper story"). "The idea is that because even unfounded accusations of fraud can cause serious harm, a plaintiff must 'have some basis' for those accusations before making them." *Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan by and Through Lyon v. Buth*, 99 F.4th 928, 943 (7th Cir. 2024) (quoting *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992)).

### DISCUSSION

Greenball seeks to dismiss Counts V and VI of the Complaint, which assert fraud and constructive fraud, respectively. Greenball argues these counts require dismissal because they fail to meet the heightened pleading requirements under Rule 9(b).

Count V alleges the following: (1) Greenball represented and contracted that it would supply tires based on its specifications; (2) Greenball knowingly supplied tires no longer conforming to the promised specifications despite representing to the contrary; (3) Greenball made false and misleading representations; (4) the misrepresentations were made either intentionally or with reckless disregard; (5) Superior Axle relied on these representations to its detriment; and (6) Superior Axle suffered damages as a result, including for the repair and replacement of defective tires, labor costs, and harm to its reputation and customer relationships. [DE 1 at ¶¶ 36–41]. Count VI, incorporating the allegations from the previous counts, adds only that Greenball benefited from its misrepresentations. [*Id.* at ¶¶ 43–44].

Greenball argues the sole allegations possibly relating to the fraud claims are that Greenball furnished Superior Axle with its tire specifications and then Superior Axle purchased

4

tires based on those specifications. [DE 15 at 3]. Yet Superior Axle did not attach any documents to the Complaint, such as what the specifications were or when Superior Axle purportedly notified Greenball numerous times of the defective tires. [*Id.* at 3 and n.1]. According to Greenball, the failure to do so, as well as the failure to further define the allegations relating to potential misrepresentations, demonstrates an absence of the necessary pleading requirements under the heightened Rule 9(b) standard: the who, what, when, where, and how of the alleged fraud. [*Id.* at 3–4].

Superior Axle, relying on *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014), argues that the "precise level of particularity required under Rule 9(b) depends upon the facts of the case," and that here a sufficient level of detail was pled in the Complaint. [DE 17 at 2]. Thereafter, Superior Axle proceeds through the "who, what, when, where, and how" by reciting the allegations from the Complaint. Superior Axle alleges that Greenball previously supplied defective tires to Superior Axle in 2018 and, knowing the tires were defective, settled a subsequent lawsuit regarding the tires in June of 2024. [*Id.* at 3]. Then, in "June of 2024 (when), [Greenball] (who) sent those same defective tires (what) back to Superior, a business located in Indiana (where), knowing that they were defective (how)." [*Id.*].

These assertions, however, fall below the level of particularity required by Rule 9(b). In explaining the heightened pleading standard under Rule 9(b), the Seventh Circuit has noted that "[b]y requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Camasta*, 761 F.3d at 738 (quoting *Ackerman v. Nw. Mut. Life. Ins. Co.*, 172 F.3d 467, 469–70 (7th Cir. 1999)). While the degree of particularity may vary with the facts at issue, "sparse

allegations" will not suffice. *See id.* at 737–38; *cf. id.* at 737 ("We do not require that Camasta provide the precise date, time, and location that he saw the advertisement or every word that was included on it, but something more than Camasta's assertion that 'merchandise was offered at "sale prices"' is needed.").

Here, the closest allegations supporting a claim of fraud are that Superior Axle purchased tires based on specifications offered by Greenball and that a previous lawsuit regarding alleged fraud was settled in 2024. But despite this, Superior Axle does not indicate how many purchase orders were sent out, how many tires were purchased, or when they were purchased. Superior Axle alleges only a general sale of defective tires based on some purported specifications. Further, Superior Axle does not attach any exhibits detailing the specifications offered, nor are those exact specifications included in the Complaint. And although Superior Axle claims it notified Greenball of the defects on several occasions and that Greenball warranted and represented that it would cure the defects, those details—*e.g.*, when and how many times Greenball was notified, what specific warranties and representations were made, and when they were made—are also entirely absent from the Complaint. Accordingly, Superior Axle has failed to state its fraud claims with particularity as required under Rule 9(b).

## **CONCLUSION**

For these reasons, Greenball's Motion to Dismiss [DE 15] is **GRANTED**. Counts V (fraud) and VI (constructive fraud) are dismissed without prejudice.

SO ORDERED.

ENTERED: June 1, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court